[No. 5183.]
[No. 2787 C. A.]

THE COLORADO FARM & LIVE STOCK COMPANY v. YORK.

1. **Evidence—Expert Witnesses—Competency.**

In an action to recover triple damages for injury to plaintiff's crops caused by defendant's hogs, a farmer, who has been growing, handling, buying and selling melons for ten or twelve years, and who was engaged in the melon business in the county and in the year in which the damage was done, is qualified to testify as an expert in regard to the average rate per crate to the farmer for cantaloupes that year.—P. 240.

2. **Appellate Practice—Overruling Objection to Question—Failure to Answer—Harmless Error.**

Where a witness does not answer a question objected to, overruling the objection is harmless.—P. 241.

3. **Evidence—Expert Witnesses—Competency.**

One who was raised on a farm and, after arriving at manhood, has followed farming as a business and has grown various kinds of melons, although he has not grown cantaloupes, is competent to testify in an action for damages to a growing crop of cantaloupes, whether or not there was a good stand of cantaloupes that year.—P. 242.

4. **Practice in Civil Actions—Evidence—Admissible in Part—Motion to Strike.**

Where opinion evidence is based partly on knowledge of facts and partly on information from other people, a motion to strike out the evidence on the ground that witness knew nothing about it is too broad, as that based on his own knowledge is competent. The motion should have been restricted to the hearsay evidence.—P. 242.

*Appeal from the District Court of Otero County.*
*Hon. John H. Voorhees, Judge.*

Action by James R. York against The Colorado Farm & Live Stock Company. From a judgment for plaintiff, defendant appeals.    *Affirmed.*

Mr. F. R. McAliney and Mr. A. W. Arrington, for appellant.

Mr. Fred A. Sabin and Mr. R. S. Beall, for appellee.

Mr. Justice Bailey delivered the opinion of the court:

This action was brought by appellee in the county court of Otero county to recover triple damages, alleged to have been sustained by plaintiff because of appellant permitting its hogs to run at large and injure the crops of appellee, who was a farmer occupying leased ground within the exterior boundaries of the large farm known as the Boston Farm, owned by appellant.

The alleged trespass was in 1900. The crops said to have been destroyed or injured consisted of alfalfa, cantaloupes, corn, vegetables and garden truck. Judgment appears to have been given the plaintiff in the county court, and the defendant appealed to the district court. In the district court, single damages in the sum of $362.50 were found by the jury, and judgment entered on the verdict in favor of appellee for that sum and costs.

But four errors are discussed in the briefs. The first alleged error refers to the testimony of witness Hale, called as an expert by plaintiff. The witness testified that he resided at Rocky Ford, was a farmer, had been growing and handling melons, buying and selling them, for ten or twelve years, and was engaged in the melon business in Otero county in 1900.

He was asked to state what was the average rate per crate to the farmer for cantaloupes for that year. The question was objected to because the witness had not shown himself qualified to answer the question. The court made no mistake in overruling the objection. The witness was apparently fully competent and qualified to answer the question propounded. The next assignment of error is as to the witness Meek being permitted to testify as to what would have been the yield of corn if it had not been molested by the hogs. The abstract discloses the following as to this objection:

"Q. If this corn crop had been let alone and had not been molested by the hogs, how much would it have yielded per acre in your opinion?"

Defendant objected as incompetent, no sufficient foundation having been made. The objection was overruled by the court, to which ruling defendant excepted.

It does not appear that the witness answered the question. Consequently, there is nothing in the assignment of error. The same witness testified that he was a farmer, was raised on a farm, had raised various crops but had not raised cantaloupes, and never "took any attention to how they were raised." He testified further that there was a pretty fair stand of cantaloupes on the farm that year. Upon cross-examination the question was asked:

"Q. How can you tell what a good stand of cantaloupes are?"

"A. I said I supposed there was a good stand. There was about every hill there, that is the only way I had to tell and that is all I know about it."

It was moved to strike the testimony out as to there being a good stand of cantaloupes, for the

reason that the witness showed that he knew nothing about it. This motion was overruled and we think properly. One who was raised on a farm, and after arriving at manhood had followed farming as a business, and had grown various kinds of crops, although he had not grown cantaloupes, was perfectly capable of understanding as to whether or not there was a good stand. He gives a very good reason for saying that there was a good stand, because the cantaloupes were growing in practically every hill.

The next assignment of error is as to the testimony of witness Finch concerning the yield of alfalfa in the locality of appellee's farm. He testified that he baled hay at Mr. York's place about October 20th, 1900, from the second and third cuttings; that it was worth one dollar per ton to cut and stack the hay; that a fair average of alfalfa hay was a yield of two and one-half tons; that the crop at Mr. York's place would have yielded two and one-half tons if let alone by the hogs. He did not bale hay at that place the year before nor the year after. Upon cross-examination, it was shown that he based his opinion as to the acreage yield of alfalfa hay in that locality partly from the knowledge he obtained in baling the hay and partly from information received from Mr. York and his neighbors.

The defendant moved to strike out the testimony in regard to the average yield of hay in that locality as the witness had not shown that he knew anything about it. The motion was overruled. In this it is contended the court erred. The motion was too broad. That portion of the testimony based upon the knowledge he acquired in baling the hay was competent. The motion should have been restricted to the hearsay testimony, but, exclusive of this testi-

mony, there was abundant competent evidence to support the verdict.

It not appearing that there is any prejudicial error in the record, the judgment will be affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.